UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| KENNETH L. POLLARD, ) <br> ) <br> Petitioner ) <br> ) <br> vs. ) <br> ) <br> FLOYD ESTES, Warden, and ) <br> THE ATTORNEY GENERAL OF ) <br> THE STATE OF ALABAMA, ) <br> ) <br> Respondents ) | Case No. 1:12-cv-02379-JHH-HGD |

**REPORT AND RECOMMENDATION**

Petitioner, Kenneth L. Pollard, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges the validity of his 2005 conviction in the Circuit Court of Talladega County for murder. Pollard was a police officer who was convicted of beating Wayne Ellis to death after Ellis spoke disrespectfully to him and another officer as they investigated a report of a disturbance at a Texaco gas station in Lincoln, Alabama, on June 28, 2003.

Subsequent to his conviction, petitioner appealed to the Alabama Court of Criminal Appeals. On direct appeal, Pollard alleged that the trial court erroneously denied his motion for a judgment of acquittal because the State failed to show that Pollard intended to kill Ellis. (Resp. Ex. B, Brief of Appellant). The Court of

Criminal Appeals affirmed Pollard's conviction on February 16, 2007, finding that the evidence reflected that Pollard struck Ellis in the head with a flashlight, a deadly weapon, and that he and his partner continued to hit Ellis after he fell to the ground. Ellis died as a result of multiple blows to the head. According to the Alabama Court of Criminal Appeals, this was evidence of intent sufficient to sustain Pollard's conviction under Alabama law. (Resp. Ex. E, Memorandum Opinion of Direct Appeal, at 7). Pollard's application for rehearing was overruled on March 2, 2007. (Resp. Ex. G). On July 13, 2007, the Alabama Supreme Court denied his petition for a writ of certiorari and issued a certificate of judgment. (Resp. Ex. I).

On June 12, 2008, Pollard filed a petition for post-conviction relief pursuant to Ala.R.Crim.P. 32, alleging that the State withheld exculpatory evidence. The evidence allegedly withheld was the initial statement to investigators of a witness, Wayne Whitley. (Resp. Ex. J). An evidentiary hearing was held by Talladega County Circuit Judge Julian M. King. Thereafter, Judge King issued an order denying Pollard's petition, finding that Pollard "had full knowledge" before trial that Whitley had given a previous statement, as well as any inconsistencies between the two statements. (*Id.*) Thus, the trial court denied Pollard's motion.

Pollard appealed to the Alabama Court of Criminal Appeals. On March 19, 2010, the Alabama Court of Criminal Appeals issued an unpublished opinion affirming the trial court and holding that:

> Here, Pollard presented no evidence at the hearing that would establish a *Brady* violation or establish a newly discovered evidence claim under Rule 32.1(e)[.] The transcript from the preliminary hearing . . . has multiple references to Whitley's initial recorded statement with Investigator Burnett. (C. 67-69, 72-73, 83-84, 89, 91) Additionally, Whitley testified that he gave two statements to police. (C. 68-69, 72) Investigator Burnett confirmed this and explained that Whitley's first statement was recorded and there was a transcription. (C. 83-84, 86, 89) Lastly, counsel also noted the existence of the two statements, and the fact they were inconsistent. (C. 91) Based on the foregoing, it is clear that counsel was aware of the existence of Whitley's two statements, and he has failed to establish suppression or that the "facts relied upon were not known by petitioner or petitioner's counsel at the time of trial or sentencing."
>
> Moreover . . . Whitley's first statement does not negate Pollard's participation in the crime which is required pursuant to *Brady* . . . . The victim died as a result of purposeful actions by Pollard, and the Court has held that a killing is not accidental when the act causing the death is done intentionally.

(Resp. Ex. M, Memorandum Opinion on Rule 32 Appeal).

On April 16, 2010, the Alabama Court of Criminal Appeals overruled Pollard's application for rehearing. The Alabama Supreme Court denied his petition for a writ of certiorari, and a certificate of judgment was issued on June 18, 2010. (Resp. Ex. Q).

Pollard filed the present federal petition on June 26, 2012, based on the date he signed the petition. *See Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2397, 101 L.Ed.2d 245 (1988).

## CLAIMS

Pollard alleges that he is due relief on the following grounds:

1. The State withheld exculpatory statements from eyewitness, Wayne Whitley, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); and

2. The State failed to establish that Pollard intended to kill Wayne Ellis.

(Doc. 1, Petition).

## TIMELINESS OF PETITION

Title 28 U.S.C. § 2244(d)(1) reads:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized

> by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Generally, a judgment becomes "final" at the expiration of the 90-day period in which to seek certiorari review from the Supreme Court of the United States. *See Nix v. Sec'y for Dept. of Corr.*, 393 F.3d 1235, 1236 (11th Cir. 2004). Therefore, Pollard had one year from the date his conviction became final with the issuance of a certificate of judgment, July 13, 2007, plus 90 days. Hence, Pollard's statute of limitations period began to run on October 12, 2007.

However, "[t]he time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Pollard filed a timely post-conviction Rule 32 petition on June 12, 2008. This tolled the limitation period after 244 days had run. The statutory period began to run again on June 18, 2010, after the certificate of judgment was issued with regard to the appeal of the denial of his Rule 32 petition. At that time, Pollard had until October 18, 2010, to timely file a federal habeas

petition. However, he did not file it until June 26, 2012, well outside the limitations period.

The Eleventh Circuit has held that, in rare circumstances, the period of limitations set out in 28 U.S.C. § 2244(d)(1) can be equitably tolled. *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2003). Equitable tolling is to be applied when "'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." *Helton v. Sec'y for Dep't of Corr.*, 259 F.3d 1310, 1312 (11th Cir. 2001). Thus, petitioner must show both extraordinary circumstances and due diligence in order to be entitled to equitable tolling. *Drew*, 297 F.3d at 1286-87.

Pollard contends that he is entitled to equitable tolling because the default was the fault of his appellate counsel. Pollard alleges that he paid appellate counsel to file a federal habeas petition on his behalf, but the attorney never filed a petition on his behalf. He states that he did not file a petition by himself because he was represented by counsel, he believed his case was still pending in the state court system because counsel never notified him of the Alabama Supreme Court's ruling denying his petition for a writ of certiorari, and he was under the impression that his counsel would file a federal habeas petition once his state court appeals were exhausted. (Doc. 12, Traverse of Petitioner. at 3).

However, even assuming petitioner's counsel's conduct could be characterized as an "extraordinary circumstance," Pollard must show that he exercised reasonable diligence in investigating and bringing his federal claims. *Chavezz v. Sec'y, Fla. Dept. of Corr.*, 647 F.3d 1057, 1068 (11th Cir. 2011) (quoting *Holland v. Florida*, 560 U.S. __, 130 S.Ct. 2549, 2565, 177 L.Ed.2d 130 (2010) (petitioner acted with reasonable diligence when he wrote counsel numerous letters, repeatedly contacted the state courts, and filed his *pro se* federal habeas petition the same day he alleged he discovered the limitations period had expired). Pollard's last communication with retained counsel John Robbins was a letter he received from him dated September 29, 2009. (Doc. 12 at 5, 9, 26). However, he waited until the following year (2010) before he attempted to contact Robbins about his case or solicit help from friends or family to contact the attorney. (*Id.* at 26). Furthermore, Pollard waited until the next year (2011) before contacting the state courts for information about his Rule 32 proceedings. (*Id.*; Ex. R). He alleges that this is when he learned that his state court proceedings had become final. Yet, he waited another seven months (225 days) before filing the instant petition.

According to petitioner, after he found out that he had been abandoned by his counsel, it took him 90 days to secure some knowledge in law and federal procedure because, as a former police officer, he was housed in protective custody, had no

access to "jailhouse lawyers" and had very limited access to the institutional law library. Then, according to petitioner, the institution where he is housed, Limestone Correctional Facility, was struck by a tornado on March 2, 2012, resulting in damage to the facility that caused the institution to impose restrictions on inmates' movements and relocation of the law library. This delayed his filing of the federal habeas petition another eight weeks.

While the events related to the tornado that limited petitioner's ability to file his federal petition are unfortunate and beyond his control, it was not beyond his control that he waited for a year without contact from his attorney before attempting to contact him concerning the status of his case. It was also not outside of his control that he waited until November of 2011 to inquire of the state court regarding the status of his case.

Thus, even if taken as true, Pollard has not alleged facts which demonstrate that "he exercised the level of diligence in investigating and bringing his claims that is required for a finding of equitable tolling." *Diaz v. Sec'y for Dept. of Corr.*, 362 F.3d 698, 702 n.7 (11th Cir. 2004). Therefore, his petition is time barred.

### MERITS DETERMINATION

However, even if his petition were not time-barred, it is without merit. Petitioner raised two issues in his federal petition: the sufficiency of the evidence

claim and the *Brady* claim. Both of these claims were raised in State court. Because the Court of Criminal Appeals adjudicated Pollard's claims on their merits, he is entitled to relief only if the State court's decision was contrary to the clearly established law of the United States Supreme Court. 28 U.S.C. § 2254(d)(1) and (2).[1]

**Sufficiency of the Evidence**

The federal courts play a limited role in weighing the constitutional sufficiency of evidence in a state criminal prosecution. *See Martin v. State of Alabama*, 730 F.F.2d 721, 724 (11th Cir. 1984). The sole question to be determined when a state prisoner seeks federal habeas relief on the ground that the evidence at his trial was insufficient is "whether, after viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Smith v. White*, 815 F.2d 1401, 1403 (11th Cir.), *cert. denied*, 484 U.S. 863, 108 S.Ct. 181, 98 L.Ed.2d 133 (1987), *citing Jackson v.*

---

[1] Title 28 U.S.C. § 2254(d) states:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
    (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
    (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).  "The government's proof need not rule out *every* theory except guilt beyond a reasonable doubt." *Bishop v. Kelso*, 914 F.2d 1468, 1470 (11th Cir. 1990).

When presented with conflicting testimony, a federal habeas court must presume that the trier of fact resolved the conflict in favor of the prosecution and against the defendant.  *Machin v. Wainwright*, 758 F.2d 1431 (11th Cir. 1985).  In other words, the federal courts must defer to the judgment of the jury in assessing the credibility of the witnesses and weighing the evidence.  *See Jackson*, 443 U.S. at 326, 99 S.Ct. at 2792-93; *Wilcox v. Ford*, 813 F.2d 1140 (11th Cir. 1987).

Based on a review of the evidence and the indictment under which petitioner was convicted, the Court concludes that there was ample evidence upon which a jury could have based a conviction.  Petitioner has failed to demonstrate that the ruling on this issue by the Alabama Court of Criminal Appeals in petitioner's Rule 32 appeal was contrary to and/or involved an unreasonable application of clearly established U.S. Supreme Court law, nor has petitioner demonstrated that this decision on the merits was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceeding.  *See* 28 U.S.C. § 2254(d).  This issue is without merit.

### *Brady* Claim

The Alabama Court of Criminal Appeals noted that, because Pollard raised the *Brady* claim for the first time in his Rule 32 petition, he had to establish that it involved newly discovered evidence under Ala.R.Crim.P. 32.1 in order to obtain relief. As noted above, the appellate court pointed to numerous references in the trial record to the statement that petitioner now claims was improperly withheld from him under *Brady*. Thus, it was not newly discovered evidence under Rule 32.1. Furthermore, the Alabama Court of Criminal Appeals held that the statement, while different from the one made by the witness at trial, did not negate Pollard's participation in the crime. Thus, it also held that the statement in question was not *Brady* material.

Petitioner has not demonstrated that the decision by the Court of Criminal Appeals resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. Therefore, this claim is also without merit.

## Conclusion

Based on the foregoing, it is RECOMMENDED that Pollard's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

## NOTICE OF RIGHT TO OBJECT

Any party who objects to this report and recommendation must, within fourteen (14) days of the date on which it is entered, file specific written objections with the clerk of this court.  Any objections to the failure of the magistrate judge to address any contention raised in the complaint or petition also must be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), *reh'g denied*, 474 U.S. 1111, 106 S.Ct. 899, 88 L.Ed.2d 933 (1986); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (*en banc*).  In order to challenge the findings of the magistrate judge, a party must file with the clerk of the court written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection.  Objections not meeting this specificity requirement will not be considered by a district judge.  IT IS NOT NECESSARY FOR PLAINTIFF OR PETITIONER TO REPEAT HIS LEGAL ARGUMENTS. AS TO THE FACTS, IF PLAINTIFF OR PETITIONER DOES RESPOND, HE SHOULD LIMIT HIMSELF TO ADDRESSING THE STATEMENTS OF FACT CONTAINED IN THE REPORT AND RECOMMENDATION TO WHICH HE OBJECTS.  HE ALSO SHOULD OBJECT TO ANY FACTS NOT INCLUDED IN

THE REPORT AND RECOMMENDATION WHICH HE CONTENDS SHOULD HAVE BEEN INCLUDED.  THE FILING OF OBJECTIONS IS NOT A PROPER VEHICLE TO MAKE NEW ALLEGATIONS OR PRESENT ADDITIONAL EVIDENCE.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge shall make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge.  The district judge, however, need conduct a hearing only in his discretion or if required by law, and may consider the record developed before the magistrate judge, making his own determination on the basis of that record.  The district judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

A party may not appeal a magistrate judge's recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a district judge.

DONE this 12th day of August, 2013.

                                      HARWELL G. DAVIS, III
                            UNITED STATES MAGISTRATE JUDGE